**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-51079**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**WILL ARTHUR PALMER,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(SA-97-CA-304)**
_____

December 4, 1998

Before KING, STEWART, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

The convictions of Will Arthur Palmer (federal prisoner # 65134-080) for being a felon in possession of a firearm and for possession of an unregistered sawed-off shotgun were affirmed on direct appeal. *United States v. Palmer*, 37 F.3d 1080, 1082 (5th Cir. 1994), *cert. denied*, 514 U.S. 1087 (1995). Palmer, *pro se*, now appeals the district court's denial of his FED. R. CIV. P. 60(b) motion to reconsider its denial of Palmer's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Palmer contends that he was denied effective assistance of counsel because counsel failed to call two witnesses; and that the district court erred by not conducting an evidentiary hearing on his claims. The district court granted a certificate of appealability only on the ineffective assistance issue.

Pursuant to our review of the record and the briefs, we conclude that the district court did not abuse its discretion in denying Palmer's motion to reconsider. Palmer's contention regarding an evidentiary hearing is not reviewable, because he was not granted a certificate of appealability on that issue in district court and does not seek one here. *See* ***Lackey v. Johnson***, 116 F.3d 149, 151 (5th Cir. 1997).

*AFFIRMED*